```
              IN THE UNITED STATES BANKRUPTCY COURT

              FOR THE SOUTHERN DISTRICT OF TEXAS

                        HOUSTON DIVISION

IN RE                           )
                                )
DAVID WIMBERLY,                 )   CASE NO. 05-81669-G3-13
                                )
        Debtor,                 )
                                )
DAVID WIMBERLY,                 )
                                )
        Plaintiff,              )
v.                              )   ADV. NO. 06-3280
                                )
AMERIQUEST MORTGAGE CO. et al., )
                                )
        Defendants.             )
                                )
```

<u>MEMORANDUM OPINION</u>

The court has previously directed, by order entered October 11, 2006, that all evidence with respect to the "Defendants' Motion for Summary Judgment" (Docket No. 13) be filed on or before October 27, 2006. The following are the Findings of Fact and Conclusions of Law of the court. A separate Summary Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

David Wimberly ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 9, 2005.

Prior to July 19, 2001, Debtor and Clara L. Gutierrez, who was then Debtor's spouse, owned real property located at 419 Birch Hill, Sugar Land, Texas.

On July 19, 2001, Gutierrez executed a "Texas Home Equity Adjustable Rate Note," a "Texas Home Equity Security Instrument," and a "Texas Home Equity Affidavit and Agreement." Debtor did not execute these documents.

On September 5, 2001, Gutierrez filed for divorce, in the 387th Judicial District Court of Fort Bend County, Texas.

Prior to August 16, 2002, Defendant Ameriquest Mortgage Co. ("Ameriquest") filed a plea in intervention in the divorce case, asserting that it had a valid lien on the property. In its amended plea in intervention, filed August 7, 2002, Ameriquest asserted that Debtor's name was intentionally kept off the deed by which he and Gutierrez acquired an interest in the property. (Docket No. 28, Exh. C).

On August 16, 2002, counsel for Ameriquest in the divorce proceeding sent a letter purporting to settle Ameriquest's plea in intervention. The agreement provided that Ameriquest would pay $35,000 to Debtor, and Debtor would execute an agreement consenting to and acknowledging Ameriquest's lien. The agreement also provided that Debtor would waive all defenses to the lien, including those that may exist under the Texas Constitution. The agreement was signed by divorce counsel for

Debtor, and filed in the divorce proceeding on August 29, 2002. (Docket No. 28, Exh. D).

On September 3, 2002, the divorce court entered its final decree of divorce.  The form of decree was approved by divorce counsel for Debtor.  The decree provided in pertinent part:

> IT IS FURTHER ORDERED that the title to 419 Birch Hill is awarded to David Wimberly subject to the terms of the Note and the Ameriquest lien and that any failure to abide by such terms will enable the holder of that Note and Ameriquest lien to pursue foreclosure upon 419 Birch Hill pursuant to, or otherwise enforce, the terms of the Note and Ameriquest lien.

(Docket No. 28, Exh. E).

In the instant adversary proceeding, Debtor seeks a judgment declaring that Ameriquest's lien is void, because he did not execute the initial documents creating the lien.

In the instant motion, Ameriquest seeks summary judgment determining that the August 16, 2002 letter or the divorce decree have issue preclusive or claim preclusive effect with respect to the cause of action asserted by Debtor.

Subsequent to the filing of the instant motion, on September 5, 2006, Debtor filed a petition for a bill of review in the divorce court, seeking relief from the divorce decree's provisions.  That petition remains pending.

<u>Conclusions of Law</u>

Claim preclusion prevents re-litigation of claims that have been finally adjudicated, or that arise out of the same subject matter and could have been litigated in the prior action. <u>Barr v. Resolution Trust Corp.</u>, 837 S.W.2d 627 (Tex. 1992).

The elements of claim preclusion are a prior, final judgment on the merits by a court of competent jurisdiction; an identity of parties or those in privity with them; and a second action based on the same claims that were raised or could have been raised in the first action. <u>Amstadt v. U.S. Brass Corp.</u>, 919 S.W.2d 644 (Tex. 1996).

Issue preclusion prevents a party from re-litigating a particular fact issue the party has already litigated and lost in an earlier suit. <u>Quinney Elec., Inc. v. Kondos Entertainment, Inc.</u>, 988 S.W.2d 212 (Tex. 1999).

A party seeking to assert the bar of issue preclusion must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, (2) those facts were essential to the judgment in the first action, and (3) the parties were cast as adversaries in the first action. <u>Sysco Food Serv., Inc. v. Trapnell</u>, 890 S.W.2d 796 (Tex. 1994).

In the instant case, the divorce decree is a prior, final judgment on the merits by a court of competent

jurisdiction.  The parties are identical, in that Debtor has obtained Gutierrez' interest in the property through the divorce decree, and Ameriquest intervened in the divorce action.[1]  The claims regarding Debtor's liability on the note and the validity of the lien were raised in the divorce action.  The court concludes that principles of claim preclusion apply to bar re-litigation of the question of validity of the Ameriquest lien.

With respect to issue preclusion, the parties reached agreement on the facts, and signed off on the form of the divorce decree.  The facts were essential to the judgment, in that they formed the basis for the award of the property to Debtor.  The parties were cast as adversaries, as a result of Ameriquest's intervention.  The court concludes that principles of issue preclusion apply to bar re-litigation of the question of validity of the Ameriquest lien.

Debtor raises two arguments in opposition to the instant motion.  First, Debtor argues that Lasalle Bank, N.A. v. White, ___ S.W.3d ___, 2006 WL 2871278 (Tex. App.--San Antonio 2006), is controlling with respect to the issues raised in the instant case.  In White, the borrower contended, and the Texas Supreme Court held, that the constitutional provisions with regard to forfeiture of home equity liens based on a lender's

---

[1] See Rule 60, Tex. R. Civ. P.:  "[a]ny party may intervene, subject to being stricken out by the court for sufficient cause on the motion of any party."

failure to comply with applicable requirements controlled over the lender's assertion of the doctrine of equitable subrogation.

The Supreme Court's opinion in White is inapposite to the issue presented in the instant case.  Unlike the equitable doctrine presented in White, claim preclusion is a legal doctrine which prevents re-litigation of a matter previously litigated. See Copeland v. Merrill Lynch & Co., 47 F.3d 1415 (5th Cir. 1995).

Second, Debtor argues that the court should not consider the instant cause of action until the petition for bill of review has been finally determined.  A bill of review is an independent, equitable action brought by a party to a former action seeking to set aside a judgment no longer appealable or subject to motion for new trial.  To succeed by bill of review, the petitioner must ordinarily allege and prove three elements: (1) a meritorious claim or defense; (2) that he was prevented from asserting by the fraud, accident, or wrongful act of his opponent or a court official in the exercise of official duties; (3) unmixed with any fault or negligence of his own.  Caldwell v. Barnes, 975 S.W.2d 535 (Tex. 1998).

In the petition for bill of review filed in the divorce court, Debtor argues that, at the time the divorce was filed, home equity loans were very new in Texas, and that very few divorce attorneys would have been familiar with determining their

validity.  Debtor claims that he executed the agreement and approved the language of the divorce decree under duress.  This argument does not present a likely meritorious claim, and does not assert that Debtor was prevented in any way from asserting his claim.  Debtor's assertion is further eroded by the fact that Debtor received $35,000 from Ameriquest as part of the settlement agreement.  The court finds no grounds for abatement or denial of summary judgment in the pending, spurious, petition for bill of review.

Based on the foregoing, a separate Summary Judgment will be entered.

Signed at Houston, Texas on November 27, 2006.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE